# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CENTRAL DIVISION

| | |
|---|---|
| DARNELL WILLIAMS,<br><br>    Petitioner,<br><br>vs.<br><br>JOHN AULT,<br><br>    Respondent. | No. C 07-3072-MWB<br><br>**MEMORANDUM OPINION AND ORDER REGARDING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION** |

_____

In a *pro se* Petition Under 28 U.S.C. § 2254 For Writ Of Habeas Corpus By A Person In State Custody (§ 2254 Petition) (docket no. 3), petitioner Darnell Williams asserts numerous challenges to his state convictions for first-degree murder and first-degree robbery. Through appointed counsel, Williams briefed his numerous claims for relief, including a request for an evidentiary hearing. In support of one of his claims, a claim of ineffective assistance of trial counsel, Williams also filed a *pro se* summary of his intended trial testimony, had trial counsel informed him of his right to testify (docket no. 42). In a January 19, 2010, Report And Recommendation On Petition For Writ Of Habeas Corpus Pursuant To 28 U.S.C. § 2254 (docket no. 44) filed by Chief United States Magistrate Judge Paul A. Zoss, now before the court, Judge Zoss recommended that no evidentiary hearing be held and that petitioner Darnell Williams's § 2254 Petition be denied.

More than fourteen days have elapsed since Judge Zoss's Report And Recommendation was filed. In that time, neither the petitioner's counsel, the petitioner *pro se*, nor the respondent has filed any objections to the Report And Recommendation.

The only filing since the date of the Report And Recommendation has been an untimely, *pro se* Reply To Respondent's Resistance To Request For Evidentiary Hearing (docket no. 45) filed February 8, 2010, which is Williams's reply to the respondent's January 15, 2010, Resistance To Request For An Evidentiary Hearing (docket no. 43), providing the respondent's response to Williams's proffer of his intended trial testimony. In an abundance of caution, the court will consider the *pro se* Reply as asserting objections to Judge Zoss's recommended disposition of Williams's § 2254 petition.

The court reviews a magistrate judge's report and recommendation pursuant to the statutory standards found in 28 U.S.C. § 636(b)(1):

> A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.

28 U.S.C. § 636(b)(1) (2006); *see* FED. R. CIV. P. 72(b) (stating identical requirements); N.D. IA. L.R. 72, 72.1 (allowing the referral of dispositive matters to a magistrate judge but not articulating any standards to review the magistrate judge's report and recommendation). While examining these statutory standards, the United States Supreme Court explained:

> Any party that desires plenary consideration by the Article III judge of any issue need only ask. Moreover, while the statute does not require the judge to review an issue *de novo* if no objections are filed, it does not preclude further review by the district judge, *sua sponte* or at the request of a party, under a *de novo* or any other standard.

*Thomas v. Arn*, 474 U.S. 140, 154 (1985). Thus, a district court *may* review *de novo* any issue in a magistrate judge's report and recommendation at any time. *Id*. If a party files an objection to the magistrate judge's report and recommendation, however, the district court *must* "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). In the absence of an objection, the district court is not required "to give any more consideration to the magistrate's report than the court considers appropriate." *Thomas*, 474 U.S. at 150.

Construing Williams's *pro se* Reply as objections to the Report And Recommendation in this case, it appears that, of the many claims that Williams asserted and that Judge Zoss recommended be denied, Williams's only objections are to the recommended denial of his claim that his trial attorneys were ineffective in failing to advise him of his constitutional right to testify on his own behalf, asserted as Issues 8 and 12 in his § 2254 Petition, and addressed in Section IV.F. of Judge Zoss's Report And Recommendation, and the recommended denial of an evidentiary hearing on that claim. Thus, these are the only issues that the court finds it is required to review *de novo*. *Thomas*, 474 U.S. at 150; 28 U.S.C. § 636(b)(1).

As to these issues, Judge Zoss recognized that, on appeal of the denial of Williams's state petition for post-conviction relief, the Iowa Court of Appeals had held that Williams's trial attorneys performed deficiently in failing to advise Williams of his right to testify and that, consequently, Williams had not knowingly, voluntarily, and intelligently waived his right to testify. Judge Zoss noted that the state court had nevertheless concluded that Williams was not prejudiced by this deficiency in counsel's performance, because there was no reasonable possibility that, had Williams testified, he would have been able to overcome the evidence against him. Report And Recommendation at 49-51. Judge Zoss

concluded that the Iowa Court of Appeals had applied, "in effect," the *federal* constitutional standard for an ineffective assistance of counsel claim set forth in *Strickland v. Washington*, 466 U.S. 668 (1984), requiring proof of both deficient performance by counsel and prejudice from the deficient performance. *Id*. at 51. Judge Zoss found that this court was required by 28 U.S.C. § 2254(d)(2) to determine whether the holding of the Iowa Court of Appeals was an unreasonable determination of the facts in light of the evidence presented in the state court proceedings. *Id*. He also noted that Williams had failed to address the issue of any prejudice from trial counsel's deficient performance in this regard in his § 2254 brief, but that the court had given Williams the opportunity to submit a summary of what his trial testimony would have been, and Williams had done so on January 11, 2010 (docket no. 42).[1] *Id*. After quoting the portions of Williams's summary that actually stated what his trial testimony would have been, as opposed to argument, *see* Report And Recommendation at 2 n.1, Judge Zoss concluded as follows:

> Nothing in this proffered testimony explains why Williams did not testify at the PCR hearing. Furthermore, Williams has made no attempt to show the finding of the Iowa Court of Appeals that he was not prejudiced by the deficiencies of his trial counsel was unreasonable. In any event, Williams's proffered testimony does nothing to undermine the appellate court's analysis on this issue. William[s] does not deny he was present at the scene of the shooting. He does not deny that he watched over Vrochta's son while Michael Williams took Vrochta into another room to get money and then shot him. He does not deny that after the shooting, he drove with Michael Williams and Mark Greiman to another location where the gun was hidden.

---

[1]The prosecution had also filed a response to Williams's statement of intended trial testimony on January 15, 2010. *See* docket no. 43.

> After considering Williams's proffered testimony, the court finds he still has not shown the Iowa Court of Appeals's determination that he was not prejudiced by the deficiencies of his trial counsel was unreasonable. Williams's argument on this claim must fail.

Report And Recommendation at 52-53 (omitting footnote 10, which explains that Williams could not rely on ineffective assistance of PCR counsel to excuse his failure to testify at the PCR proceedings, because he was not entitled to counsel in those proceedings).

In the Reply (docket no. 45) concerning his summary of intended trial testimony, which the court has construed as Williams's *pro se* objections to the Report And Recommendation, Williams asserts the following: (1) that his claim is not that he wanted to testify at trial, but that, if counsel had informed him of his right to testify and that he alone had the power to decide whether or not to testify, he would have made the choice to testify at trial; (2) that, while an evidentiary hearing on this issue might not be *required*, the court nevertheless has the power to grant such a hearing; (3) that there is no dispute that there was serious error when he was not advised of his right to testify, but that the effect of that error is a question that should be examined from the situation as a whole; (4) that he does not seek an evidentiary hearing to offer his testimony as to what he would have testified to at trial, but to make a record that he did not know that it was his choice alone to decide whether or not to testify and that, had he known the choice was his, he would have testified; (5) that the state court's determination that no testimony he might have offered would have changed the result was an unreasonable determination of the facts, because he believes that prejudice from the denial of his right to testify should be presumed; (6) that the evidence against him was not so overwhelming that no testimony he could have offered would have changed the result, because, where the evidence tying him to the crime was not conclusive, his testimony might have clinched a "not guilty"

verdict from the jury; (7) the state court's denial of this ineffective assistance claim was both contrary to and an unreasonable application of *Strickland*, because it applied the wrong formulation of "prejudice" in terms of whether a fact finder would have had reasonable doubt, if he had testified, instead of whether, if properly advised, he would have testified; and (8) the state court's denial of this claim was also an unreasonable determination of federal law, because the state appellate court improperly invaded the province of the jury by making a finding that no reasonable juror could have believed his testimony over the state's evidence, when only a jury could ultimately determine his guilt or innocence.

Judge Zoss concluded that Williams was not entitled to an evidentiary hearing on any of his claims, owing to his lack of diligence in developing the factual basis for his claims. Judge Zoss noted that the only excuse that Williams had offered for his lack of diligence was the ineffective assistance of his post-conviction relief counsel, but because there is no constitutional right to counsel in a post-conviction relief action, there can be no cognizable claim for ineffective assistance of post-conviction relief counsel in a *habeas* action. Report And Recommendation at 19 (citing *Burns v. Gammon*, 173 F.3d 1089, 1092 (8th Cir. 1999); *Cornell v. Nix*, 976 F.2d 376, 381 (8th Cir. 1992), both of which cite *Coleman v. Thompson*, 501 U.S. 722, 752 (1991)); *Id.* at 52 n.10 (same specifically as to Williams's ineffective assistance claim). Upon *de novo* review, the court reaches the same conclusion as Judge Zoss concerning denial of Williams's request for an evidentiary hearing as to all of his claims.

As to the merits of Williams's ineffective assistance of counsel claim, Williams's many objections boil down to just two issues: (1) Did the state court apply the correct standard, under *federal* law, to determine whether he was prejudiced by counsel's failure

to inform him of his right to testify (the § 2254(d)(1) question)? and (2) Did the state court reach a reasonable conclusion under the correct standard (the § 2254(d)(2) question)?

The court finds that the first question is answered by the decision of the Eighth Circuit Court of Appeals in *Foster v. Delo*, 39 F.3d 873 (8th Cir. 1994) (*en banc*). In *Foster*, as in this case, the state prisoner asserted that his trial counsel had been ineffective in failing to inform him of his right to testify. *See Foster*, 39 F.3d at 877. As in this case, the claim turned on whether the prisoner was prejudiced by the failure of his counsel to advise him of his right to testify. *Id.* The court explained the standard, under *Strickland*, for determining whether the prisoner was prejudiced, and its application of this standard, as follows:

> "An error by counsel even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." *Strickland,* 466 U.S. at 691, 104 S. Ct. at 2066. Foster must also show that he was prejudiced by his counsel's ineffective performance: he "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland,* 466 U.S. at 694, 104 S. Ct. at 2068.
>
> Foster argues that his attorney should have called him to testify in order to convince the jury not to impose capital punishment on him. *He does not, however, tell us why he believes that there is a reasonable probability that the jury would have reached a different verdict if it had heard his testimony*. In fact, at the evidentiary hearing held when the state court heard his motion for relief under Rule 27.26, Foster never even indicated what his testimony would have been had he taken the stand. Since it is incumbent upon a petitioner to show that he was actually prejudiced by his counsel's actions, we cannot grant relief.

7

*Foster*, 39 F.3d at 877 (emphasis added).  Thus, the Eighth Circuit Court of Appeals in *Foster*, like the Iowa Court of Appeals in Williams's post-conviction relief case, determined whether a prisoner was prejudiced by failure of counsel to advise him of his right to testify by considering whether there was a reasonable probability that the jury would have reached a different verdict if it had heard his testimony, not whether the prisoner would have testified, if informed of his right to testify, the standard that Williams asserts should have been applied.  The Eighth Circuit Court of Appeals also did not simply presume prejudice from counsel's failure to advise the prisoner of his right to testify, as Williams contends that courts should do.  *See also Owens v. United States*, 483 F.3d 48, 57-59 (1st Cir. 2007) (although the district court held that counsel's failure to tell his client that he had a right to testify would be "presumptively prejudicial," the appellate court held only that such deficient performance "could be prejudicial").  Thus, the Iowa Court of Appeals applied the correct standard for determining "prejudice."

Moreover, the Iowa Court of Appeals did not unreasonably apply the *Strickland* "prejudice" standard to the facts of Williams's case.  28 U.S.C. § 2254(d)(2).  As Judge Zoss correctly observed, "'It is not enough that the state court applied clearly established federal law erroneously or incorrectly—the application must additionally be unreasonable.'"  Report And Recommendation at 32 (quoting *Jones v. Wilder-Tomlinson*, 577 F. Supp. 2d 1064, 1073 (N.D. Iowa 2008), in turn citing *Williams v. Taylor*, 529 U.S. 362, 411 (2000)).  Here, the Iowa Court of Appeals concluded that, if Williams had testified, there was no reasonable probability that the outcome of the trial would have been different, in light of the state's evidence against him, including evidence that would have impeached his testimony, evidence that his necklace was found in the getaway car, evidence that his fingerprints were found at the crime scene, evidence that he made incriminating remarks when he was told that a co-defendant had been arrested for the

8

crime and charged with first-degree murder, and evidence of his presence with both co-defendants immediately before and after the crime. *See State v. Williams*, 728 N.W.2d 851 (table op.), 2007 WL 108342, *3-4 (Iowa Ct. App. Jan. 18, 2007). Although Williams asserts that the evidence against him was not overwhelming, that is not the standard. Instead, the question is whether the conclusion of the Iowa Court of Appeals was reasonable. *Jones*, 577 F. Supp. 2d at 1073. Here, the determination of the Iowa Court of Appeals was neither demonstrably incorrect nor the least bit unreasonable. Moreover, the Iowa Court of Appeals did not invade the province of the jury by determining what a reasonable jury might do, if confronted with additional evidence, because that is the province of a court on *habeas* review of an ineffective assistance of counsel claim. *See Strickland*, 466 U.S. at 694.

In short, on *de novo* review, the court agrees with Judge Zoss's recommended disposition of this ineffective assistance of counsel claim and, therefore, will accept his recommended disposition of this claim. 28 U.S.C. § 636(b)(1) (2006) (the court may accept, reject, or modify the report and recommendation); *see* FED. R. CIV. P. 72(b) (same).

As to Judge Zoss's recommended disposition of Williams's many other claims, to which no party has made any objections, the court finds no clear error or other deficiency. *Thomas*, 474 U.S. at 150. Consequently, the court concludes that it should accept Judge Zoss's Report And Recommendation as to those claims, as well. 28 U.S.C. § 636(b)(1) (2006) (the court may accept, reject, or modify the report and recommendation); *see* FED. R. CIV. P. 72(b) (same).

Finally, denial of Williams's § 2254 Petition raises the question of whether or not he should be issued a certificate of appealability for his claims therein. The requirement

of a certificate of appealability is set out in 28 U.S.C. § 2253(c)(1), which provides, in pertinent part, as follows:

> **(c)(1)** Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from—
> **(A)** the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court. . . .

28 U.S.C. § 2253(c)(1)(A); *accord* FED. R. APP. P. 22(b). To obtain a certificate of appealability on claims for § 2254 relief, a defendant must make "a substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c)(2); *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003); *Garrett v. United States*, 211 F.3d 1075, 1076-77 (8th Cir. 2000); *Mills v. Norris*, 187 F.3d 881, 882 n.1 (8th Cir. 1999); *Carter v. Hopkins*, 151 F.3d 872, 873-74 (8th Cir. 1998); *Ramsey v. Bowersox*, 149 F.3d 749 (8th Cir. 1998); *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997), *cert. denied*, 525 U.S. 834 (1998). "A substantial showing is a showing that issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings." *Cox*, 133 F.3d at 569. Moreover, the United States Supreme Court reiterated in *Miller-El* that "'[w]here a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.'" *Miller-El*, 537 U.S. Ct. at 338 (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

The court finds that Williams has not made a substantial showing of the denial of a constitutional right on his § 2254 claims. *See* 28 U.S.C. § 2253(c)(2). Specifically, there is no showing that reasonable jurists would find this court's assessment of Williams's

claims to be debatable or wrong, *Miller-El*, 537 U.S. at 338; *Cox*, 133 F.3d at 569, or that any court would resolve those issues differently. *Cox*, 133 F.3d at 569. Therefore, Williams does not make the requisite showing to satisfy § 2253(c) on his claims for relief, and no certificate of appealability will issue in this case. *See* 28 U.S.C. § 2253(c)(2); FED. R. APP. P. 22(b).

THEREFORE, Williams's objections to the recommended disposition of his § 2254 Petition in his February 8, 2010, *pro se* Reply To Respondent's Resistance To Request For Evidentiary Hearing (docket no. 45) are **overruled**. Judge Zoss's January 19, 2010, Report And Recommendation On Petition For Writ Of Habeas Corpus Pursuant To 28 U.S.C. § 2254 (docket no. 44) is **accepted**, and Williams's *pro se* Petition Under 28 U.S.C. § 2254 For Writ Of Habeas Corpus By A Person In State Custody (§ 2254 Petition) (docket no. 3) is **denied.** No certificate of appealability will issue.

**IT IS SO ORDERED.**

**DATED** this 22nd day of February, 2010.

_____
MARK W. BENNETT
U. S. DISTRICT COURT JUDGE
NORTHERN DISTRICT OF IOWA